1

2                                                               E-FILED

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   RONALDO MEDRANO AYALA,          )        No. C 14-1028 RMW(PR)
                                     )
12              Plaintiff,           )        ORDER DIRECTING
                                     )        PLAINTIFF TO FILE PROOFS
13        v.                         )        OF SERVICE OR SHOW
                                     )        CAUSE
14   LIEUTENANT T. AMRHEIN-CONAMA,   )
     et al,                          )
15                                   )
                Defendants.          )
16   _____)

17        Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42

18   U.S.C. § 1983.  Plaintiff was denied leave to proceed in forma pauperis in a separate order and

19   has since paid the filing fee.  For the reasons below, the court orders plaintiff to file proofs of

20   service that he has served the defendants, or to show cause why such defendants should not be

21   dismissed from this action without prejudice.

22                              **DISCUSSION**

23   A.   <u>Standard of Review</u>

24        A federal court must conduct a preliminary screening in any case in which a prisoner

25   seeks redress from a governmental entity or officer or employee of a governmental entity.  <u>See</u>

26   28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

27   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

28   seek monetary relief from a defendant who is immune from such relief.  <u>See id.</u> § 1915A(b)(1),

(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged deprivation was committed by a person acting under the color of state law.  West v.

Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claim

     In his complaint, plaintiff alleges that on June 9, 2011, defendants Del Roasario, Bulatao,

and Fradel assaulted him without provocation and used excessive force.  Plaintiff alleges that

these three defendants were directed to do so by defendants Amrhein-Conoma and Guthrie.

Plaintiff alleges that he was attacked in retaliation for filing a previous action against defendant

Guthrie.  Plaintiff then asserts that these defendants created a false rules violation report and

defendant Walls helped to cover up the assault.  Defendant Smethers is alleged to have

participated in the retaliatory scheme.  Finally, plaintiff claims that defendants Peterson,

Podolsky, White, Grant, Tootell were deliberately indifferent to his serious medical needs.

     Liberally construed, plaintiff has stated cognizable claims of excessive force, retaliation,

and deliberate indifference to his serious medical needs.

C.    Service

     As plaintiff is not proceeding in forma pauperis in this action, he may not rely on the

United States Marshal or the officers of the court for service.  Cf. 28 U.S.C. § 1915(d); Fed. R.

Civ. P. 4(c)(2).  Consequently, plaintiff is responsible for serving all of the defendants against

whom cognizable claims for relief have been found; no defendant has made an appearance in this

action, however, and there is no indication in any of the papers filed herein that any defendant

has been served with the summons and complaint in accordance with the Federal Rules of Civil

Procedure.  Specifically, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service and summons of a complaint is not made upon a defendant within 120 days
> after the filing of the complaint, the court, upon motion or on its own initiative after
> notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or
> direct that service be effected within a specified time; provided that if the plaintiff shows
> good cause for the failure, the court shall extend the time for service for an appropriate

1    period.

2    Fed. R. Civ. P. 4(m).

3           Here, the original complaint have been pending since March 5, 2014.  Plaintiff thus had

4    until July 3, 2014 to serve defendants.  Accordingly, with **sixty days** of the filing date of this

5    order, plaintiff must either provide the court with proof that each defendant has been properly

6    served with the summons and complaint in accordance with the Federal Rules of Civil

7    Procedures, or show cause why the complaint should not be dismissed without prejudice as to

8    any unserved defendant pursuant to Rule 4(m).

9                                                    **CONCLUSION**

10          For the foregoing reasons, the court hereby orders as follows:

11          1.      Plaintiff states cognizable claims for relief as set forth above.

12          2.      Within **sixty days** of the filing date of this order, plaintiff shall either provide the

13   court with proof of service of the summons and complaint upon the defendants, or otherwise

14   show cause why the complaint should not be dismissed without prejudice as to each unserved

15   defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

16          3.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

17   and all parties informed of any change of address and must comply with the court's orders in a

18   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

19   pursuant to Federal Rule of Civil Procedure 41(b).

20          IT IS SO ORDERED.

21   DATED: _____            _Ronald M. Whyte_

22                                  RONALD M. WHYTE
                                    United States District Judge

23

24

25

26

27

28

Order of Service; Directing Defendants to File Disposition Motion
P:\PRO-SE\RMW\CR.14\Ayala028IRfeepaid.wpd        3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RONALDO MEDRANO AYALA,

         Plaintiff,

  v.

AMRHEIN-CONAMA, et al,

         Defendant.
_____/

Case Number: CV14-01028 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronaldo Medrano Ayala E10000
San Quentin State Prison
1 Main Street
San Quentin, CA 94974

Dated: September 30, 2014

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk